■ In the Matter of ISAIAH DD., a Child Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARYN DD., Appellant. [739 NYS2d 658] —Crew III, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered May 10, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 392, to, inter alia, review and continue the foster care status of respondent's child.

In January 2001, petitioner commenced the instant proceeding seeking, inter alia, to review the foster care status of respondent's child, Isaiah (born in 1999). A hearing ensued, at the conclusion of which Family Court rejected the then-existing permanency plan, which called for the child to be reunited with respondent by January 2002, extended the child's placement in foster care until March 20, 2002 and directed petitioner to institute a proceeding to terminate respondent's parental rights. This appeal ensued.*

The parties have advised us that following oral argument of this matter and with respondent's consent, custody of the child was transferred to the child's maternal grandmother. Additionally, as the child no longer was in foster care, the termination of parental rights proceeding against respondent was dismissed and the permanency goal for the child was changed to "discharge to a suitable relative." In our view, these subsequent events render the instant appeal moot and, as we are unable to discern an exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715), the appeal is dismissed.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* Shortly after Family Court rendered the underlying decision, respondent revoked her voluntary placement of the child, executed in October 2000, and commenced a proceeding seeking custody of the child. Although not entirely clear from the record, it appears that the subsequently commenced termination of parental rights proceeding was held in abeyance pending the outcome of the custody proceeding.